## SMITH v. RAILWAY EXPRESS AGENCY, Inc.

### Civ. No. 1290.

United States District Court
M. D. Tennessee, Nashville Division.

March 26, 1953.

912

.. Ward Hudgins, and James M. Swiggart, Nashville, Tenn., for plaintiff.

Trabue & Sturdivant, Nashville, Tenn., for defendant.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. The plaintiff is a citizen of the State of Tennessee and a resident of this District. The defendant is a corporation of the State of Delaware. The action arises under the laws of the United States, Section 20(11) of Title 49 United States Code Annotated. The matter in controversy exceeds the sum of $3,000.00, exclusive of interest and costs.

2. The defendant is a common carrier within the meaning of and subject to the provisions of Section 20(11) of Title 49 U.S.C.A.

3. On or about and for a long time before June 16, 1950, the plaintiff was the owner of a matched pair of large, ornate and beautiful urns which were unusually fine examples of old Meissen porcelain.

4. On June 16, 1950, the plaintiff entered into a special contract with the defendant, under which the defendant received the said pair of urns for transportation from a point in one state to a point in another state; that is to say, from Nashville, Tennessee, to Lexington, Kentucky. This special contract was on one of the defendant's special forms for transportation of carvings, ceramics (pottery and porcelain of all kinds), chinaware and other similar fragile materials having a value of over $550.00.

5. At the time of the execution of this contract, the plaintiff declared that the pair of urns had a value of $5,000.00 and paid to the defendant, in addition to its regular transportation charge of $11.43, a value charge of $15.04.

6. The said urns were properly packed for shipment by the Bond Chadwell Company of Nashville, an experienced packer of such items, and were delivered by it to the defendant in a good and undamaged condition for transportation.

7. In the due course of the defendant's business, it delivered the urns to the consignee in Lexington, Kentucky, but at the time of delivery, one of the pair of urns was in a badly damaged and broken condition to the extent that it could not be repaired and had no salvage value.

8. The said damage or breakage occurred while the urn was in the hands of the defendant and the defendant has produced no proof satisfactory to the Court that it was free from negligence or that the damage occurred without its fault.

9. The other urn was packed in a similar manner as the one broken and was delivered to the consignee without any damage or breakage whatsoever.

10. On August 9, 1950, the plaintiff filed a claim with the defendant for the damage to the pair of urns on the proper form supplied by the defendant.

11. This pair of urns was of a unique design, the one broken bearing the portrait and crown of a former king of

Austria and the other the portrait and crown of his queen. Each complemented the other in appearance, design, desirability and value. As a result, the broken urn is irreplaceable and the value and desirability of the remaining urn is damaged or reduced through the loss of its mate.

12. The pair of urns had a value of $5,000.00 at the time of the shipment here involved. The damage to the value of the pair of urns, and consequently the loss suffered by the plaintiff, through the damage or breakage to one, is $3,500.00.

13. The defendant has offered no real basis of defense to this claim, and, in its discretion, the Court finds that the defense was not in such good faith, and the amount of the plaintiff's claim was not in such dispute, as to render the defendant free from an obligation to pay interest from the date of the plaintiff's claim. The plaintiff is, therefore, entitled to interest at the rate of 6% per annum on the amount of his damage, $3,500.00, or from the filing date of his claim, August 9, 1950.

### Conclusions of Law

1. The Court has jurisdiction of this action under Sections 1331 and 1332 of Title 28 U.S.C.

2. The defendant is subject to the provisions of Section 20(11) of Title 49 U.S. C.A.

3. When proof is given by the plaintiff that property delivered to a common carrier in good condition was damaged while in the hands of the common carrier, a presumption arises that the damage was due to negligence and the burden of going forward with the evidence is upon the common carrier to show that it was free from negligence or that the damage occurred without its fault. This is true both under the statute above cited and the special contract between the parties.

4. Where it is shown that a common carrier accepts two crates containing similar articles similarly packed for transportation together and under similar conditions and delivers one of them damaged and the other undamaged, the Court is entitled to find that such facts constitute evidence of negligence as to the one damaged, and that such evidence lends strength to the presumption of negligence set out in the third conclusion.

5. Interest may be allowed as compensation for delay in paying the damages from damage or breakage in transportation under the Carmack Amendment, 49 U.S.C.A. § 20(11), whether the technical form of the action is in contract or tort, and, under Rule 54(c), Federal Rules of Civil Procedure, 28 U.S.C., the Court may allow such interest, even though no demand has been made therefor in the complaint.

6. The plaintiff is entitled to judgment against the defendant for the amount of $3,500.00, plus interest at 6% per annum from August 9, 1950, and his costs.

Judgment accordingly.